# EXHIBIT C

U.S. Department of Homeland Security
Washington, DC 20528

Homeland Security

April 27, 2021

MEMORANDUM FOR: U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE)
U.S. CUSTOMS AND BORDER PROTECTION (CBP)

FROM: Tae Johnson
Acting Director
U.S. Immigration and Customs Enforcement

Troy Miller
Acting Commissioner
U.S. Customs and Border Protection

SUBJECT: Civil Immigration Enforcement Actions in or near Courthouses

---

**Purpose**: This memorandum provides interim guidance that governs our civil immigration enforcement actions in or near courthouses. It is effective immediately and will be replaced after the Secretary issues his final guidance after engaging with you.

This memorandum supersedes and revokes ICE Directive 11072.1, entitled "Civil Immigration Enforcement Inside Courthouses," that was issued on January 30, 2018.

## I. Core Principle

The courthouse is a place where the law is interpreted, applied, and justice is to be done. As law enforcement officers and public servants, we have a special responsibility to ensure that access to the courthouse – and therefore access to justice, safety for crime victims, and equal protection under the law – is preserved.

Executing civil immigration enforcement actions in or near a courthouse may chill individuals' access to courthouses and, as a result, impair the fair administration of justice. At the same time, there may be legitimate need to execute a civil immigration enforcement action in or near a courthouse. This memorandum is designed to address these interests, which can sometimes be in tension with one another. It provides guidance as to when and how civil immigration enforcement actions can be executed in or near a courthouse so as not to unnecessarily impinge upon the core principle of preserving access to justice.

## II. Scope of this Memorandum

This memorandum does not apply to criminal immigration enforcement actions.[1] It applies to any civil immigration enforcement action in or near a courthouse that involves an enforcement encounter between ICE or CBP personnel and an individual in the courthouse other than a courthouse official or employee. It applies, for example, to civil apprehensions, service of subpoenas, searches, seizures, interviews, and surveillance. It does not apply, for example, to the collection of records from court offices or participation in community meetings held in the courthouse. This policy also does not apply to arrests that occur in jails connected to courthouses where the individual arrested is being released from the custody of state, local, or federal law enforcement partners at the conclusion of any criminal sentence. This policy does not preclude arrests conducted at DHS facilities/offices regardless of their location.
For the purposes of this memorandum, a courthouse includes any municipal, county, state, federal, tribal, or territorial courthouse, including immigration courts.

"Near" the courthouse means in the close vicinity of the courthouse, including the entrance and exit of a courthouse, and in adjoining or related areas such as an adjacent parking lot or transportation point (such as a bus stop right outside a courthouse). It does not include adjacent buildings or houses that are not part of the courthouse or otherwise are not used for court-related business.

## III. Limited Circumstances for Courthouse Enforcement

A civil immigration enforcement action may be taken in or near a courthouse if (1) it involves a national security threat, or (2) there is an imminent risk of death, violence, or physical harm to any person, or (3) it involves hot pursuit of an individual who poses a threat to public safety, or (4) there is an imminent risk of destruction of evidence material to a criminal case.[2]

In the absence of hot pursuit, a civil immigration enforcement action also may be taken in or near a courthouse against an individual who poses a threat to public safety if: (1) it is necessary to take the action in or near the courthouse because a safe alternative location for such action does not exist or would be too difficult to achieve the enforcement action at such a location, and (2) the action has been approved in advance by a Field Office Director, Special Agent in Charge, Chief Patrol Agent, or Port Director.[3]

---

[1] While this memorandum does not apply to criminal immigration enforcement actions, personnel should determine whether such an action truly needs to be taken in or near the courthouse given its potentially adverse impact upon access to justice.

[2] For purposes of determining whether an enforcement action pertains to an individual who is a national security or public safety enforcement and removal priority, department personnel are directed to consider the interim guidance issued by ICE Acting Director Tae Johnson on February 18, 2021, titled, "Interim Guidance: Civil Immigration Enforcement and Removal Priorities."

[3] DHS personnel shall continue to follow the certification compliance requirement in INA Section 239(e) and DHS Instruction 002-02-001.1, *Implementation of Section 1367 Information Provisions* when a noncitizen's appearance at a courthouse involves a protection order case, child custody case, or other civil or criminal case relating to domestic violence, sexual assault, human trafficking, or stalking in which the noncitizen has been battered or subject to extreme cruelty, or if the noncitizen may be eligible for T or U nonimmigrant status. Please refer to DHS Instruction 002-02-001.1, Section VI.A.3 for specific instructions for how DHS personnel shall comply with this requirement.

A "safe alternative location for such action" means one that is safe for DHS personnel, the subject of the enforcement action, and the public.

To the fullest extent possible, an enforcement action in the courthouse will be taken in a non-public area of the courthouse, outside of public view, be conducted in collaboration with courthouse security personnel, utilize the courthouse's non-public entrances and exits, and be conducted at the conclusion of the judicial proceeding that brought the individual to the courthouse.

**IV. Training**

Each Field Office Director, Special Agent in Charge, Chief Patrol Agent, and/or Port Director must ensure that all employees under his or her supervision are trained annually on this policy and that such training is documented and reviewed by agency counsel.

**V. Reporting**

Civil immigration enforcement actions that are planned or have been taken in or near a courthouse will be documented in relevant ICE or CBP electronic systems of record, which can be searched and validated.

ICE and CBP will each provide a monthly report to the Secretary, and to the Office for Civil Rights and Civil Liberties upon request, detailing all planned or executed civil immigration enforcement actions in or near courthouses, including the basis under this policy for each enforcement action.

**VI. No Private Right of Action**

The guidance set forth in this memorandum is not intended to, does not, and may not be relied upon to, create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

This memorandum provides management guidance to ICE and CBP personnel exercising discretionary law enforcement functions and does not affect the statutory authority of ICE or CBP employees. Nor is this memorandum to be construed as indicating tolerance for any violation of law in or near a courthouse.