# EXHIBIT F

OFFERED BY Executive Office of the Trial Court | Massachusetts Court System

POLICY STATEMENT

# Massachusetts Trial Court Policy on Interactions with United States Immigration and Customs Enforcement

| | |
|---|---|
| **DATE:** | 09/02/2026 |
| **ORGANIZATION:** | Executive Office of the Trial Court |
| **REFERENCED SOURCES:** | Internal court policies (https://www.mass.gov/lists/internal-court-policies-guides) |

**Section III Effective:** September 4, 2026

**All Other Sections Effective:** November 3, 2026

## CONTACT


### Executive Office of the Trial Court

#### Phone

**(617) 742-8575**

MassRelay: Dial **711**

**I. Introduction**

**II. Procedures for Civil Arrests in Courthouses**

**III. Knowingly Providing Information to Federal Immigration Authorities (effective September 4, 2026)**

**IV. Collection of Information and Data Reporting**

**V. Defendants/Witnesses in ICE Custody – ICE Writ of Habeas Corpus ("ICE Habe")**

**Appendix of Defined Terms**

**Contact**

# I. Introduction

This Policy provides guidance on the implementation of certain provisions of An Act promoting Rule of Law, Oversight, Trust and Equal Constitutional Treatment ("PROTECT Act"), St. 2026, c. 163. The PROTECT Act establishes a new § 64 of G.L. c. 147, effective on September 4, 2026, and prohibits Trial Court employees from knowingly providing certain information to federal immigration authorities. St. 2026, c. 163, § 7. The PROTECT Act also establishes new G.L. c. 221D, which is effective on November 3, 2026, and governs civil arrests in courthouses. St. 2026, c. 163, § 12.

This Policy supersedes, as of November 3, 2026, the Massachusetts Trial Court Policy on Interactions with ICE, last revised and promulgated on May 1, 2025. This Policy applies to all employees and contractors of the Massachusetts Trial Court, including Judges, Clerks, Registers of Probate, the Recorder of the Land Court, employees of the Massachusetts Probation Service, and employees of the Trial Court Security Department.

Trial Court employees shall not under any circumstances interfere with or assist the actions of federal immigration authorities engaged in civil immigration enforcement. *See* G.L. c. 221A, § 8; *see also Commonwealth v. Lunn*, 477 Mass. 517 (2017). This includes civil arrests in violation of G.L. c. 221D. The Security Department shall no longer permit the transfer of custody of individuals to federal immigration authorities in a courthouse, except when there is a judicial warrant that has been verified by a judge.

The Appendix to this Policy contains terms defined in the PROTECT Act and used in this Policy. All defined terms are in quotation marks.

## II. Procedures for Civil Arrests in Courthouses

A "law enforcement officer" intending to make a "civil arrest" of a person in a "courthouse," shall (1) be acting in an official capacity and (2) shall provide a "judicial warrant" to a judge sitting in the courthouse, demonstrating that the person to be arrested is the subject of a valid judicial warrant authorizing civil arrest.

The judge shall promptly determine the validity of any judicial warrant that is presented pursuant to G.L. c. 221D. That determination shall be on the record. Clerks' Offices shall docket the G.L. c. 221D determination in MassCourts using a docket code created for this purpose.

Administrative warrants, orders, or other documents signed by an immigration judge or other United States Immigration and Customs Enforcement ("ICE") personnel are not sufficient to effectuate a civil arrest in a courthouse.

Even when there is a valid judicial warrant, civil arrests in a courtroom are prohibited. *See* G.L. c. 221D(2)(b).

Trial Court personnel shall not interfere with "federal immigration authorities" who make an arrest in violation of G.L. c. 221D. Security Department personnel shall log the incident and promptly report it to the Director of Security.

# III. Knowingly Providing Information to Federal Immigration Authorities (effective September 4, 2026)

G.L. c. 147, § 64(b)(2)(iv) prohibits Trial Court employees from knowingly providing certain information to "federal immigration authorities." Trial Court employees may provide to the public, upon request, public information about a case, party, or witness in the court record and information provided in open court. The public includes federal immigration authorities.

G.L. c. 147, § 64(b)(2)(iv) prohibits the following:

A. Trial Court employees shall not knowingly provide "nonpublic personal information" to federal immigration authorities. This includes information that is impounded, restricted, or otherwise prohibited from public disclosure in accordance with a statute, rule, court order, or other legal authority.

B. Trial Court employees shall not initiate contact with federal immigration authorities to provide advance notice of a person's release. Trial Court employees may, upon request, and if the information is available to the employee, provide to federal immigration authorities advance notice of a person's release when the release is at the completion of a sentence for a felony that constitutes:

- a violent crime as defined in G.L. c. 140, § 121 that causes serious bodily injury as defined in G.L. c. 265, § 13A;
- a sex offense, a sexually violent offense, or a sex offense involving a child as such offenses are defined in G.L. c. 6, § 178C;
- a serious drug offense as defined in G.L. c. 269, § 10G involving a class A or class B narcotic under G.L. c. 94C, § 31;
- a firearms offense for which a person is eligible due to dangerousness to be detained pretrial or released on conditions pursuant to G.L. c. 276, § 58A; or
- an offense involving abuse as defined in G.L. c. 209A, §1.

C. Trial Court employees shall not initiate contact with federal immigration authorities to disclose a person's custody status, including whether a person is in the lockup area of a courthouse. In response to an inquiry concerning a person's custody status, Trial Court employees shall either direct federal immigration authorities to the public case record, which includes docket entries and documents in the public court file concerning the setting and posting of a cash bail, pretrial conditions of release, and orders of pretrial detention, or disclose that information directly if it is readily available from the public information accessible to the employee.

D. Trial Court employees shall not initiate contact with federal immigration authorities to provide advance notice of a person's future court appearance. The posting of Daily Lists is permitted. Judges, clerks, or other Trial Court employees may announce future court dates in open court.

# IV. Collection of Information and Data Reporting

The Director of the Security Department, as designee for the Chief Justice of the Trial Court, shall maintain copies of judicial warrants provided to the court by law enforcement. G.L. c. 221D. § 3(a). The Security Department shall also maintain an internal log that includes, with respect to each judicial warrant provided to the court by a law enforcement officer, the following information:

1. The date the judicial warrant was signed;
2. The name of the judge who issued the judicial warrant;
3. The court that issued the judicial warrant;
4. The date when the judicial warrant was presented to a judge;
5. A description of the type of judicial warrant; and
6. Whether an arrest occurred pursuant to the judicial warrant, and the date and specific location of such arrest, if known.

The Trial Court Security Department shall collaborate with the Executive Office of the Trial Court and the Department of Research and Planning to comply with the annual reporting requirement set forth in G.L. c. 221D, § 3(b).

# V. Defendants/Witnesses in ICE Custody – ICE Writ of Habeas Corpus ("ICE Habe")

A special writ of habeas corpus ("ICE Habe") must be used to summon a person into state court when a person is held in ICE custody. (The ICE Habe is available on MassCourts.) If an individual is brought into court on an ICE Habe, they are returned to ICE custody on that Habe. An ICE Habe does not expire and is not vacated by a bail order.

If a person is summoned into state court on an ICE Habe, court officers must communicate with ICE (or the transporting authority) to coordinate the return of the person to ICE custody at the conclusion of the state proceeding. Court officers may also communicate with ICE to confirm the existence of an ICE Habe. *See* G.L. c. 147, § 64(d)(i)(E).

If a defendant summoned into court on an ICE Habe is held in state custody without bail, the defendant must be returned to ICE custody immediately upon release from State custody.

If a defendant is summoned into court on an ICE Habe and is admitted to bail, the defendant must be returned to ICE custody, and the bail shall be recorded on a mittimus and returned with the defendant to ICE custody at the conclusion of the court event.

If a defendant is summoned into court on an ICE Habe and is sentenced to a term of state incarceration, the defendant must be immediately returned to ICE custody upon conclusion of the state sentence. The ICE Habe does not expire and is not vacated by the imposition of a period of incarceration. In all other cases, a person brought to state court on an ICE Habe must be returned immediately to ICE custody after the court event.

# Appendix of Defined Terms

| Defined Term | Definition |
|---|---|
| **Civil arrest** (G.L. c. 221D, § 1) | An arrest that is not: (i) for the purpose of preparing the person subject to such arrest for criminal prosecution for an alleged violation of the criminal law of (A) the commonwealth or another jurisdiction within the United States, for which a sentence of a term of imprisonment is authorized by law; or (B) the United States, for which a sentence of a term of imprisonment is authorized by law and for which federal law requires an initial appearance before a federal judge, federal magistrate or other judicial officer pursuant to the federal rules of criminal procedure that govern initial appearances; (ii) for contempt of court; (iii) for a capias issued by a judge of the commonwealth; (iv) for a parole warrant issued under section 149A of chapter 127 or a probation warrant issued under section 3 of chapter 279; (v) for a governor's warrant of arrest issued under section 16 of chapter 276; or (vi) related to an application for commitment under section 12 of chapter 123. |
| **Courthouse** (G.L. c. 221D, § 1) | The interior of any facility in which a court of the commonwealth conducts business, or curtilage thereof; provided, however, that curtilage shall include, but not be limited to, lawns. plazas, courtyards, steps, ramps, sidewalks, walkways, any garage, driveway or parking lot owned by or leased by the judicial branch contiguous to a courthouse and any sidewalk or walkway that connects the courthouse to a garage or parking lot owned or leased by the judicial branch. |
| **Federal immigration authority** (G.L. c. 147, § 64(a)) | The United States Department of Homeland Security, United States Immigration and Customs Enforcement, United States Customs and Border Protection or any successor entity, and any person acting on their behalf. |
| **Judicial warrant** (G.L. c. 221D, § 1) | An arrest warrant or other judicial order, issued by a judge or magistrate sitting in the judicial branch of a local or state government or of the federal government, authorizing an arrest. |
| **Law enforcement** | (i) A state, county, municipal or district law enforcement agency, including, but not limited to: (A) a city, town or district police department; |

| Defined Term | Definition |
|---|---|
| **agency** (G.L. c. 221D, § 1) | (B) the office of environmental law enforcement; (C) the University of Massachusetts police department; (D) the department of the state police; (E) the Massachusetts Port Authority police department, also known as the Port of Boston Authority police department; and (F) the Massachusetts Bay Transportation Authority police department; (ii) a sheriff's department in its performance of police duties and functions; (iii) a public or private college, university or other educational institution or hospital police department; (iv) a federal law enforcement agency; or (v) a humane society police department in section 57 of chapter 22C. |
| **Law enforcement officer** (G.L. c. 221D, § 1) | (i) an officer of a law enforcement agency, including, but not limited to, the head of the agency; (ii) a special state police officer appointed pursuant to section 57, 58 or 63 of chapter 22C; (iii) a special sheriff appointed pursuant to section 4 of chapter 37 performing police duties and functions; (iv) a deputy sheriff appointed pursuant to section 3 of said chapter 37 performing police duties and functions; (v) a constable executing an arrest for any reason; or (vi) any other special, reserve or intermittent police officer. |
| **Nonpublic personal information** (G.L. c. 147, § 64(a)) | Information not otherwise available to the public that is maintained by a law enforcement agency, court or political subdivision. |

# Contact

## Executive Office of the Trial Court


### Phone

**(617) 742-8575**

MassRelay: Dial 711

REFERENCED SOURCES: Internal court policies (https://www.mass.gov/lists/internal-court-policies-guides)

State Organizations (/massachusetts-state-organizations)

**© 2026 Commonwealth of Massachusetts.**
Mass.gov® is a registered service mark of the Commonwealth of Massachusetts.